UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EUNICE HUSBAND, | ) | CASE NO.  4:09cv1718 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| NORTHEAST OHIO | ) | |
| CORRECTIONAL CENTER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff *pro se* Eunice Husband, an inmate incarcerated in a federal prison, brought this action against Defendant Northeast Ohio Correctional Center ("NEOCC") without the inclusion of a basis for this Court's jurisdiction as required by Rule 8(a)(1) of the Fed. R. Civ. P.[1] He alleges that while detained at NEOCC from April 1, 2009 until May 4, 2009, he had approximately $6.50 in his prison trust account. Despite letters to the warden requesting return of this money, the warden has failed to release it. Plaintiff demands return of the money held in his prison account by NEOCC as well as payment of court costs.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that

---

[1] NEOCC is in partnership with Corrections Corporation of America.

attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

The Corrections Corporation of America is a private prison corporation that contracts with state and federal agencies for incarceration of those agencies' inmates. *Home v. Corrections Corp. of America*, 2006 WL 1722307, at *1 (D. Ariz. Jun. 20, 2006). Although civil rights actions under 42 U.S.C. § 1983 are not available to federal prisoners, a federal prisoner may bring an action against a federal employee at that prison under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). However, a *Bivens* action is analogous to a § 1983 claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *see Browning v. Pennerton*, 633 F. Supp. 2d 415, 431 n.11 (E.D. Ky. 2009). When *Bivens* is involved, a court uses § 1983 case law. *Tavarez v. Reno,* 54 F.3d 109, 110 (2d Cir. 1995); *Hallock v. Bonner*, 567 F. Supp. 2d 334, 337 (N.D. N.Y. 2008). Just as in a § 1983 case, a defendant cannot be held liable based on the theory of *respondeat superior*. *Browning*, 633 F. Supp. 2d at 431; *Okoro v. Scibana*, 63 Fed. Appx. 182, 184 (6th Cir. 2003). Prison supervisory responsibility alone cannot constitute liability. *Lyons v. United States*, 2009 WL 997300, at *18 (N.D. Ohio Apr. 14, 2009). Plaintiff has not sued any individual. It follows that NEOCC is not liable under *Bivens*.

An inmate has a due process right concerning his prison trust account. *Hampton v. Hobbs,* 106 F.3d 1281, 1287 (6th Cir. 1997); *Vance v. Barrett*, 345 F.3d 1083, 1089 n.6 (9th Cir. 2003); *Boyer v. Taylor*, 2009 WL 2338173, at *5 (D. Del. Jul. 30, 2009). In order to prove a procedural due process claim under § 1983, a plaintiff must show that: 1) he has a protectable life, liberty or property interest; 2) the state deprived him of this interest; and 3) the state did not

afford him adequate procedural rights prior to this deprivation. *Hahn v. Star Bank,* 190 F.3d 708, 716 (6th Cir. 1999); *Horen v. Board of Educ.*, 594 F. Supp. 2d 833, 842-843 (N.D. Ohio 2009). The third element of a procedural due process claim requires that a plaintiff show that the constitutional right was not adequately protected by state-law post-deprivation remedies. *Gardner v. City of Cleveland*, 2009 WL 2591621, at *5 (N.D. Ohio Aug 20, 2009) (citing *Parratt v. Taylor,* 451 U.S. 527, 543-44 (1981) (a § 1983 action is unavailable for deprivation of property without procedural due process where there exists a state remedy that comports with due process), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31 (1986). Plaintiff has not alleged that state remedies for return of his money are inadequate. *See Braley v. Pontiac*, 906 F.2d 220, 225 (6th Cir. 1990) (dismissing a § 1983 procedural due process claim because the plaintiff's state court tort action provided adequate procedural due process by post-deprivation redress).

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 30, 2009

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**